IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL CABLE & COMMUNICATIONS SOUTH, INC.<br><br>Defendant. | CIVIL ACTION NO.<br><br><br><br>**COMPLAINT AND<br>JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to make whole Cigornai Sapp and a class of similarly situated females who were adversely affected by Defendant's unlawful employment practices. As alleged with greater particularity in paragraph 7, below, the Commission alleges that on or about July 5, 2008, Defendant refused to hire to Cirgonai Sapp and a class of female applicants for available Cable Technician positions because of their sex (female), while hiring less qualified males

for these positions. As a result of Defendant's failure to hire Ms. Sapp and the class members, they suffered backpay losses and emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Digital Cable & Communications South, Inc. ("Employer") has continuously been a corporation doing business in the State of Ohio and the City of Cleveland and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to institution of this lawsuit, Cirgonai L. Sapp filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this suit have been fulfilled.

7. Since at least July 5, 2008, Defendant Employer has engaged in unlawful employment practices in Cleveland, Ohio, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2, as follows:

a) On July 1, 2008 Cirgonai L. Sapp applied for a Cable Technician position with Respondent in response to an advertisement for a Cable Technician position. The advertisement stated that Defendant "will train" the persons hired for the position.

b) At the time of her application for employment with Defendant, Ms. Sapp possessed qualifications equal to or greater than males who were hired as Cable Technicians before and after her.

c) During her interview with Defendant's representative, Ms. Sapp was told that there were no female Cable Technicians employed with the company in Cleveland, Ohio.

(d) Defendant hired males for the available Cable Technician positions and did not hire females.

8. The effect of the practice(s) complained of above has been to deprive Cirgonai L. Sapp and a class of similarly situated females of equal employment

opportunities and otherwise affect their status as applicants for employment because of their sex.

9. The unlawful practices complained of above were intentional.

10. The unlawful employment practices complained of above were and are done with malice and/or reckless indifference to the federally protected rights of Cirgonai L. Sapp and a class of similarly situated females.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against females by the implementation of practices and policies which discriminate on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of sex and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Cirgonai L. Sapp and similarly situated females by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring.

D.     Order Defendant Employer to make whole Cirgonai L. Sapp and similarly situated females by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be proven at trial.

E.     Order Defendant Employer to make whole Cirgonai L. Sapp and similarly situated females by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above in amounts to be proven at trial.

F.     Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described herein above in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
131 M Street, NE
Washington, D.C. 20507

*Debra Lawrence*
Debra Lawrence
Acting Regional Attorney

*Donna L. Williams-Alexander*
Donna L. Williams-Alexander
Senior Trial Attorney
Registration No. 0037838
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Cleveland Field Office
AJC Federal Office Building
1240 East Ninth Street, Suite 3001
Cleveland, Ohio 44199
(216) 522-7454
(216) 522-7430 fax
Donna.Williams-Alexander@eeoc.gov